UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
WAYNE MORGAN ,                                   :
:
            Petitioner,        :     08 Civ. 927 (TPG)
:     01 Cr. 98 (TPG)
- against -                                      :
:     **OPINION**
:
UNITED STATES of AMERICA,                        :
:
            Respondent.        :
:
:
:
------------------------------------------------x

*Pro se* petitioner Wayne Morgan was convicted of being an alien found in the United States without permission after deportation and was sentenced to 74 months imprisonment. Morgan now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that (1) he was denied effective assistance of counsel, (2) his prior New York conviction for attempted murder should not have been treated as an aggravated felony for purposes of sentencing, and (3) the court misapplied the Sentencing Guidelines in failing to give him full credit for the undischarged portion of his New York state prison term.

    The Government has answered, opposing the motion.

    The motion is denied and dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Morgan was born in London, England on December 9, 1960, and entered the United States in 1973 as a visitor for pleasure. On May 16, 1988, long after his permission to visit this country had expired, Morgan was convicted in New York Supreme Court of attempted murder in the second degree and sentenced to two-and-a-half to seven-and-a-half years imprisonment. On March 1, 1991, the United States Immigration and Naturalization Service ("INS") ordered Morgan deported. The State of New York paroled Morgan to allow his deportation. He was deported on March 9, 1991.

Later that year, Morgan illegally re-entered the United States. On October 23, 1991, he was arrested on narcotics and firearms charges by New York State authorities. Morgan was released on bail on October 26, 1991. Thereafter, Morgan neglected to appear in state court on the narcotics and firearms charges, resulting in the issuance of a bench warrant for his arrest on September 1, 1992.

In late 1991, Morgan left the United States. He then re-entered this country illegally in 1994 using a false name and a false birth certificate. On October 11, 1995, Morgan was arrested and charged in state court for selling marijuana. He gave the name "Anthony Smith" upon his arrest. On November 2, 1995, he was convicted and sentenced to 30 days in prison. At some point prior to October 1997, the New York State Parole Board identified "Anthony Smith" as Morgan and determined

that he was a fugitive on the October 1991 narcotics and firearms charges, as well as in violation of his March 1991 parole by virtue of having re-entered the United States. Morgan was tried and convicted on the 1991 criminal charges and sentenced to six to twelve years.

On October 29, 1997, the New York State Department of Correctional Services notified INS that Morgan was incarcerated at the Ulster Correctional Facility. INS personnel interviewed Morgan on November 3, 1997, and Morgan admitted to having re-entered the United States illegally.

On February 7, 2001, Morgan was charged with illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Morgan moved to dismiss the indictment on the ground that the prosecution was time-barred. The court denied the motion to dismiss, concluding that the indictment was filed within the five-year statute of limitations because the limitation period was tolled by reason of Morgan's flight from October 1991 until October 29, 1997, when the INS received the notification from the New York State Department of Correctional Services.

After a bench trial on stipulated facts on August 14, 2002, Morgan was found guilty of being found in the United States after deportation and sentenced to 74 months imprisonment. It was recognized at sentencing that approximately 40 months of this sentence would be served concurrently with the state sentence on the 1991 criminal charges that Morgan was serving at the time.

Morgan appealed both his conviction and sentence, arguing that his sentence exceeded the applicable statutory maximum and that his conviction for attempted murder was not defined as an aggravated felony when he committed that crime. The Second Circuit affirmed Morgan's conviction and sentence. United States v. Morgan, 380 F.3d 698 (2d Cir. 2004). However, on June 3, 2005, the court remanded the case to the district court for consideration of whether resentencing should occur in accordance with United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

The court declined to resentence Morgan, finding that the original sentence was appropriate. Morgan appealed, and the Second Circuit affirmed the judgment on October 24, 2006. United States v. Morgan, No. 05-6030-CR, 199 Fed. Appx. 56 (2d Cir. Oct. 24, 2006).

On January 14, 2008, within the statutory limitations period, the Southern District of New York's *Pro Se* Office received Morgan's § 2255 motion. The motion was filed on January 28, 2008. According to the Bureau of Prisons, Morgan was released from custody on July 14, 2008. The Government opposed the motion in a letter dated November 20, 2008. Morgan has not submitted a reply.

As stated earlier, Morgan was deported in 1991. Morgan has not communicated with the court subsequent to his deportation nor has he provided the court with any contact information.

## CLAIMS IN THE § 2255 MOTION

Morgan challenges his conviction and sentence on three grounds. First, Morgan argues that his counsel was constitutionally ineffective for failing to move to dismiss the indictment based on the indictment's omission of the date on which Morgan had been removed from the country following his state conviction for an aggravated felony. Morgan also appears to assert that his prior New York conviction for attempted murder should not have been treated as an aggravated felony for sentencing purposes. Finally, he contends that the court misapplied the Guidelines in electing not to exercise its discretion under U.S.S.G. § 5G1.3 to grant him more credit for his undischarged state sentence.

## DISCUSSION

Although this point is not raised by the Government, the court finds that, under the facts and circumstances of this case, Morgan's motion is moot.

As long as a § 2255 motion was filed in federal court at a time when the movant was in custody, it is not necessarily mooted by his release from custody prior to final adjudication of the motion. See Louise v. Costello, No. 01-CV-3987, 2002 WL 1446618, at *2 (S.D.N.Y. July 2, 2002). The motion is moot, however, if there exist no "collateral consequences" of a conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole," adequate to state a case or controversy under Article III, Section 2 of the


Constitution.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  There is no presumption of collateral consequences;  rather, in order to make out the concrete and continuing injury required to avoid mootness, the movant bears the burden of showing that he faces some present or future hardship other than his sentence.  See United States v. Mercurris, 192 F.3d 290, 294 (2d Cir. 1999).  But where the only relief sought is release from incarceration and he already has been released and subsequently deported, the motion must be dismissed as moot.  See Davis v. United States, No. 03 Civ. 934 (SWK), 98 Cr. 895 (SWK), 2004 WL 1488371, at *3 (S.D.N.Y. July 1, 2004); see also Johnson v. Levine, No. 00-CV-8402, 2001 WL 282719, at *2 (S.D.N.Y. Mar. 21, 2001).

    Since Morgan has completed serving his federal sentence and has been deported, there appear to be no collateral consequences justifying adjudication of his § 2255 motion.  He is completely out of touch with the court and naturally has asserted no such collateral consequences.

    The § 2255 motion is denied and dismissed as moot.

Dated: New York, New York
December 2, 2010

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/10
```

SO ORDERED

/s/ Thomas P. Griesa

Thomas P. Griesa
U.S.D.J.

- 7 -